**Bernardo Hernandez MARTINEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73904.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Elsa I. Martinez, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, James A. Hunolt, Esq., Bryan S. Beier, Esq., U.S. Department of Justice, Washington, DC, Deirdre A. Durborow, Esq., Office of the U.S. Attorney, Fairview Heights, IL, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Bernardo Hernandez Martinez, a native and citizen of Mexico, petitions for review

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") order denying his motion to reopen removal proceedings conducted in absentia, his motion to reconsider, and his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We also review for abuse of discretion the denial of motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003), and we deny the petition for review.

The IJ denied Martinez's motion to reopen on the ground that the accompanying medical documents did not provide specific evidence regarding whether his viral gastroenteritis condition was serious, and therefore he did not show "exceptional circumstances" for failing to appear. *See* 8 U.S.C. § 1229a(e)(1); *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 891–92 (9th Cir. 2002).

The BIA and IJ did not abuse their discretion by denying Martinez's motion to reconsider because Martinez failed to identify any error of law or fact in the IJ's previous decision and attempted to offer evidence that was previously available. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc) (noting that the purpose of a motion to reconsider is not to present new evidence but to demonstrate that the IJ or BIA erred as a matter of law or fact).

The BIA did not abuse its discretion in denying Martinez's motion to remand because he is not prima facie eligible for adjustment of status due to his inadmissibility. *See* 8 U.S.C. § 1182(a)(6)(B) (an alien who without reasonable cause fails to attend a proceeding to determine his inadmissibility is inadmissible).

Martinez's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**